UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SHANNON J. GRIFFITH,

            Plaintiff,                        Case No. 2:10-cv-155

v.                                           Honorable R. Allan Edgar

CORRECTIONAL MEDICAL
SERVICES, INC., et al.,

            Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Initially, the court notes that Plaintiff's complaint is rambling and largely incoherent. Plaintiff attaches numerous exhibits, including letters, grievances and medical documents. In his complaint, Plaintiff states that the attached documents demonstrate an "ongoing conspiracy." Specifically, Plaintiff states:

> Exhibits attached demonstrate ongoing Corporate Conspiracy from notice to Admin, Health Care, DOJ, [Assistant Deputy Warden], [Deputy Warden], Warden, Director - I have lots more attempting to get resolved - not included here - letters to / from Leg. Corr. Omb. MBP-MDOC Refuses to make copies - I have 800 lbs paper evidence exhaustion citing numerous falsified medical records that allege appointments never had as proven by video and Leg. Corr. OMB refusing to investigate for fear of exposing MDOC / State malfeasance resulting in closing of office under pretextual pretense budge cuts same as 2003 when I mentioned U.S. Dist. Ct. Discovery Admin. Files Leg. Corr. OMB to prove falsified claims investigations to coverup criminally abusive brutalities Oaks, Imex, Alger, many many many legal notices all Defendants verbal onsite and written Civil Rights, Civil Service, St. Reps, St. Sen, US Reps, Jud. Ten, Griev. Atty Comm., St. Health Dept, Atty Gen (St. + Fed), Gov's, et al.
> Health Care and Admin refuse provide home office address + names Cms/PHs Defendants in order to prevent legal notice to these Defendants.
> Dr. shopping proven - many will testify given opportunity - 2 offered to testify on my behalf if I filed this, after unjustifiable assaults Aug 2002 and March 2008 - there is no immunity issue because I am ADA Cognitively Disabled certified by Social Security since 1985 known to MDOC / State purposefully victimized me, based on disability, same reason no statute of limitations still disabled.
>     I can't get copy my own medical files.
>     I can't get MCL 691.1407 not in law library
>     I can't get expert review records
>     I can't get legal assistance - tried Atty and Writ Writer
>     I can't get minimum standard health care
>     I can't get previously prescribed treatment
>     I can't get protection

(Plaintiff's complaint, pp. 2-3, docket #1.)

Plaintiff states that he is seeking orders for the discovery of medical files, administrative records, any evidence showing that Defendants have deprived Plaintiff of evidence,

and the names and addresses of Defendants. In addition, Plaintiff is seeking the appointment of counsel and medical experts, a temporary restraining order and / or preliminary injunction. Finally, Plaintiff seeks damages.

## Discussion

I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The court notes that while a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

In this case, Plaintiff's allegations are wholly conclusory and lack sufficient factual support to deserve serious consideration. *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1354-55 (6th Cir.1989) (civil rights complaints have higher fact pleading

requirements). Although the court is mindful of the rule that *pro se* pleadings are not held to the same stringent standards of attorney-drafted complaints and should be liberally construed, *see Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is equally mindful that basic pleading essentials are not abrogated in *pro se* suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). The court is not required to conjure up unpled allegations where the complaint is inadequate. *See McDonald v. Hall,* 610 F.2d 16 (1st Cir.1979); *Wells, supra,* at 594. Therefore, the court is not required to interpret into the allegations of the instant complaint evidence and factual support found in documents outside the pleadings.[1]

In this case, Plaintiff's complaint fails to set forth any specific factual allegations and, at the same time, requests discovery of all medical and administrative records. Such conduct appears to be no more than a fishing expedition, through which Plaintiff seeks to discover unspecified evidence to support his conclusory claim that his constitutional rights were somehow violated by Defendants. Consequently, Plaintiff's complaint is properly dismissed.

## Pending Motions

Plaintiff has also filed a motion to amend his complaint (docket #21) his complaint, which fails to allege any new factual allegations. Nor does Plaintiff attach a proposed amended complaint. The court must have knowledge of the substance of the proposed amendment to determining whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002). The court does not abuse its discretion by denying an amendment

---

[1] As noted above, Plaintiff has filed copies of numerous letters and grievances to various prison and state officials, which are rambling, incoherent and barely legible and appear to assert vague claims of wrongdoing against nearly everyone Plaintiff has had contact with since 2009. However, Plaintiff fails to specifically refer to these exhibits in his complaint, which as noted above, is entirely conclusory.

where the plaintiff has failed to submit a proposed amended complaint. *Id.* Therefore, the court will deny Plaintiff's motion to amend his complaint. In addition, for the reasons stated above, Defendant CMS' motion to dismiss (docket #18) is properly granted. Finally, the miscellaneous pending motions filed by Plaintiff and Defendant CMS (docket #20, #27, #28, #29, #31, #33, #37, #38, and #41) are properly denied as moot.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated:     9/28/2011                    /s/ R. Allan Edgar
                                        R. Allan Edgar
                                        United States District Judge